IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION



FILED
JUN 30 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALA.

| | |
|---|---|
| **RICHARD TOUCHSTONE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | |
| **MANCHESTER TANK & EQUIPMENT** ) | 02-C-1206-W |
| **COMPANY; UNION CITY BODY COMPANY,** ) | |
| **INC.; and ROUTE 60 AUTO & TRUCK** ) | |
| **REPAIR, INC.,** ) | |
| ) | |
| Defendants. ) | |

ENTERED
JUL 1 2002

### MEMORANDUM OPINION ON MOTION TO REMAND

Plaintiff Richard Touchstone has moved to remand this case to the Circuit Court of Tuscaloosa County, Alabama ("state court"), for the failure of all defendants to consent to removal. For the reasons which follow, the Court concludes that the motion is due to be granted.

I

This action was timely removed to this Court on May 14, 2002, from state court. It had been filed initially in state court on April 9, 2002. The complaint indicated that Defendant Union City Body Company, Inc. ("Union City") could be served at the following address:

> c/o Richard E. Boston
> 400 Bank One Building
> 10 North 7th Street
> Richmond, Indiana 47374

A copy of the complaint was dispatched by certified mail to Richard Boston at the aforesaid address, and an authorized member of Boston's staff signed for and accepted the certified mail

10

on April 17, 2002. Union City has not consented to or joined in the removal petition.

Included in the papers accompanying the removal petition is an Affidavit of Richard Boston. Boston avers that he is the former Chapter 11 Bankruptcy Trustee for Union City; that the Company's assets have been liquidated; that he was discharged as Trustee on November 30, 2001; and that to his knowledge, the Company no longer exists. He avers that he is not the Registered Agent for Union City.

But the records of the Indiana Secretary of State reflect that Union City remains an active corporation and that Richard E. Boston is its Registered Agent. The records further reflect that Richard Boston is the President of Union City, pursuant to an order of the Bankruptcy Court. The Indiana Secretary of State has independently certified that as of May 21, 2002, Union City was in existence or authorized to transact business in the State of Indiana.

The citizenship of each of the Defendants is diverse to that of Plaintiff.

There is no question that the amount in controversy exceeds the requisite jurisdictional amount.

The Remand Motion was timely filed by Plaintiff on May 23, 2002.

II

It is hornbook law that the removal statutes are construed strictly, and that doubts are to resolved against removal. It is equally established that all defendants must join in a petition for removal, and that the failure to join all defendants in the removal petition is a defect in the removal procedure. *In re Ocean Marine Mut. Protection and Indem. Ass'n Ltd.,* 3 F.3d 353 (11th Cir.1993).

Here, the corporate existence/viability of Union City, and hence the effectiveness of service of process, is debatable. No doubt, a court will eventually make that determination.

But the present state of the record does not lend itself to such factfinding by this Court. Rather, this court must assume that Union City remains a viable corporation, and that Richard Boston is its Registered Agent. Under that assumption, Union City has been properly served with process. Its failure to join in the removal petition is fatal to removal.

By separate order, the Motion to Remand will be granted.

Done this 28th day of June, 2002.

_____
Chief United States District Judge
U.W. Clemon